UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE PHILIP HERTZOG JR.,

    Plaintiff,

v.

CHILD PROTECTIVE SERVICES DEPT. OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C11-5899-RBL-JRC

ORDER DENYING ALL PENDING MOTIONS AND DIRECTING PLAINTIFF TO SHOW CAUSE

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court has granted plaintiff leave to proceed in forma pauperis (ECF No. 4).

Plaintiff is challenging the actions of Child Protective Service personnel, the Hoquiam police, and Grays Harbor prosecutors. The actions in question occurred between 1983 and 2000. Plaintiff claims a 1999-2000 confession is forged and his plea agreement is improper (ECF No. 5, complaint page 13). He seeks monetary damages.

ORDER DENYING ALL PENDING MOTIONS
AND DIRECTING PLAINTIFF TO SHOW CAUSE
- 1

The Court takes judicial notice that on May 24, 2006, plaintiff filed a habeas corpus action challenging his 1999 guilty plea to first degree child rape and first degree child molestation (06-cv-5287RJB/KLS). He was sentenced to 300 months on that plea agreement and is currently serving that sentence (06-cv-5287RJB/KLS ECF No. 19, page 1). The petition was dismissed as time-barred. Further, plaintiff has filed a second petition (11-cv-5850RBL/KLS), which challenges the same conviction. The facts in this complaint also challenge the basis for the conviction, and petitioner's conviction has not been overturned.

If a petitioner is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether petitioner is or was entitled to immediate release or a speedier release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

ORDER DENYING ALL PENDING MOTIONS
AND DIRECTING PLAINTIFF TO SHOW CAUSE
- 2

1    Plaintiff is ordered to show cause why this action should not be dismissed for failure to
2 state a claim. Plaintiff's response is due on or before **December 30, 2011**. Failure to respond, or
3 an inadequate response will result in a report and recommendation that this action be dismissed
4 with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (e).

   Plaintiff has filed motions for appointment of counsel (ECF No. 6, and to waive his appearance at hearings (ECF No. 7). In light of this Court's order to show cause, all pending motions are DENIED.

   Dated this 29th day of November, 2011.

   J. Richard Creatura
   United States Magistrate Judge