UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE PHILIP HERTZOG JR.,

    Plaintiff,

v.

CHILD PROTECTIVE SERVICES DEPT OF SOCIAL AND HEALTH SERVICES et al.

    Defendants.

CASE NO. C11-5899-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 9, 2012

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Plaintiff is challenging his current conviction and sentence in a civil rights action and asks that he be released from incarceration (ECF No. 5). He names as defendants various state agencies and persons involved with his criminal case.

The Court recommends that this action be dismissed without prejudice because plaintiff may not challenge a criminal conviction in a civil rights proceeding.

This action was filed on October 28, 2011 (ECF No. 1). The Court granted in forma pauperis status and directed that plaintiff show cause why the action should not be dismissed. Plaintiff cannot challenge a criminal conviction or the length of his sentence in a civil rights action (ECF No. 8). Plaintiff asked for an extension of time to respond and that motion was granted (ECF No. 9, 10, and 11).

On January 12, 2012, plaintiff filed a response to the order to show cause, a motion asking that the Court transfer this matter to habeas, and a motion to amend the complaint (ECF No. 12, 13, 15). The Court declines to consider this action as a habeas corpus given that in 2006 plaintiff filed a habeas corpus petition that was addressed by the Court (06-cv-5287RJB/KLS). Plaintiff filed a second petition in 2011 (11-cv-5850RBL/KLS). The motion to amend still seeks release from incarceration as a remedy (ECF No. 15, page 5). Plaintiff asks that he receive "all of his aforementioned relief."

Plaintiff still seeks release from incarceration and a finding that his sentence and conviction are improper. He seeks to challenge the investigation that led to him being charged and convicted (ECF No. 13, page 2). If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]

§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting Edwards v. Balisok, 520 U.S. 641 (1997)).

The Court recommends that the action be dismissed without prejudice and that all pending motions be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 9, 2012, as noted in the caption.

Dated this 9th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge